**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**

| | |
|---|---|
| John Hastings, individually and on behalf of all others similarly situated,<br><br>                                    Plaintiff,<br><br><br><br><br>                    -v.-<br><br>Swiftfunds Financial Services LLC,<br><br><br>                         Defendant(s). | C.A. No: 4:23-cv-369<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiff John Hastings (hereinafter "Plaintiff") brings this Class Action Complaint by and through his attorneys, against the Defendant Swiftfunds Financial Services LLC (hereinafter, "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of the Plaintiff's counsel, except for allegations specifically pertaining to the Plaintiff, which are based upon the Plaintiff's personal knowledge.

**INTRODUCTION**

1.     Congress enacted the Fair Debt Collection Practices Act ("FDCPA" or the "Act") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that

1

"'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.      Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate. *Id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court has pendent jurisdiction over any state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as where a substantial part of the events or omissions giving rise to the claims occurred.

## NATURE OF THE ACTION

5.      Plaintiff brings this class action on behalf of a class of Texas consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the FDCPA, and

6.      Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.      Plaintiff is a resident of the State of Texas, County of Denton.

8.      Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and as used in the FDCPA with an address for service care of registered agent, Incorp Services, Inc., 815 Brazos Street, Suite 500, Austin, Texas 78701.

9.      Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

10.     Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11.     The Class consists of:

a.   all individuals with addresses in Texas;

b.   with whom Defendant communicated in an to collect a consumer debt;

c.   which communications included telephone call(s) wherein Defendant did not identify itself as a debt collector attempting to collect a debt; and/or

d.   which communications included telephone call(s) wherein Defendant attempted to collect an invalid debt without disclosing the amount of the debt;

e.   which communications were made on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

12.     The identities of all class members are readily ascertainable from the records of the Defendant and those companies and entities on whose behalf it attempts to collect debts and/or have purchased debts.

13.    Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14.    There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's communications with consumers, in the form described herein, violate 15 U.S.C. §§ 1692e and 1692f.

15.    Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff, nor his attorneys, have any interests that might cause them not to vigorously pursue this action.

16.    This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a.    **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    b.    **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue

4

is whether the Defendant's communications with consumers, in the form described herein, violate 15 U.S.C. §§ 1692e and 1692f.

c. **<u>Typicality:</u>** Plaintiff's claims are typical of the claims of the members of the Plaintiff Class. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d. **<u>Adequacy:</u>** Plaintiff will fairly and adequately protect the interests of the Plaintiff Class insofar as the Plaintiff has no interests that are averse to the absent members of the Plaintiff Class. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff, nor his counsel, have any interests that might cause them not to vigorously pursue the instant class action lawsuit.

e. **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member and in that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18.    Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

19.    Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above with the same force and effect as if the same were set forth at length herein.

20.    Some time prior to February 10, 2023, an obligation was allegedly incurred to non-party Texas Family Fitness.

21.    The TFF obligation arose out of transactions which were primarily for personal, family or household purposes, specifically personal credit.

22.    The alleged TFF obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

23.    Thus, TFF is a "creditor" as defined by 15 U.S.C. § 1692a(4).

24.    According to the Defendant's Communication described below, Defendant was hired by TFF for the purpose of collection.

25.    Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violations*

26.    On or about February 10, 2023, Plaintiff returned a missed call from the Defendant (the "Communication") regarding the alleged debt owed.

27.    During the Communication, Defendant failed to identify itself as a debt collector attempting to collect a debt.

28.     Moreover, *without explanation*, Plaintiff was asked to confirm personal identifying information, including his address, birth date and email address.

29.     At some point during the Communication, Defendant did mention that the call related to money owed on a gym membership, but failed to disclose how much was allegedly owed.

30.     In any event, the debt being collected in an invalid debt that is not owed because the Plaintiff does not recognize the debt and his gym membership(s) are free to him because they are covered by a SilverSneakers program.

31.     Thus, the Communication is nonsensical.

32.     The Communication did not make sense.

33.      Because of the deceptive nature of the Communication, Plaintiff suspected the collection might be fraudulent or suspect, in whole or in part.

34.     Plaintiff was therefore unable to make payment on the debt.

35.     The funds the Plaintiff could have used to pay some or all of this alleged debt were therefore prioritized elsewhere.

36.     Plaintiff was therefore left with less funds with which to pay off this debt once the facts were sorted out, if it turned out that he did indeed owe the debt.

37.     Defendant's conduct prevented the Plaintiff from acting in the way he would have otherwise acted had the Defendant's Communication not been improper.

38.     Plaintiff was unable to properly respond as it would be foolhardy for the Plaintiff to pay some or all of this debt when the Communication concerning same did not make sense.

39.     A debt collector's failure to identify itself or provide complete information are quintessential examples of improper collection tactics that could cause a consumer to pay as a means of avoiding further harassment and abuse.

40.     The Communication is therefore false, deceptive, misleading, and unfair.

41.     Because of the Defendant's improper acts, Plaintiff expended time and money in determining the proper course of action.

42.     He spent this trying to mitigate harm in the form of dominion and control over his funds.

43.     He spent this trying to mitigate harm from the Defendant's negative credit information furnishment concerning the collection, and ultimate dissemination to third parties, to the financial and reputational detriment of the Plaintiff.

44.     Defendant's improper acts caused the Plaintiff to suffer reputational harm.

45.     Defendant's improper acts caused the Plaintiff to suffer emotional harm, including fear and anxiety.

46.     Plaintiff's reputational and emotional harm manifested itself physically in the form of restlessness.

47.     Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

48.     The harms caused by the Defendant have a close relationship to harms traditionally recognized as providing a basis for a lawsuit in American courts.

49.     As it relates to this case, the common-law analogues are to the traditional torts of fraud, negligent misrepresentation, negligent infliction of emotional distress, conversion and defamation.

50.     For purposes of this action, only a close relationship to common-law harm is needed, not an exact duplicate.

51.    These violations by the Defendant were knowing, willful, negligent and/or intentional, and the Defendant did not maintain procedures reasonably adapted to avoid any such violations.

52.    Defendant's collection efforts with respect to this alleged debt from the Plaintiff caused the Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides the Plaintiff with the legally protected right to not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

53.    Defendant's deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated the Plaintiff's ability to intelligently respond to the Defendant's collection efforts because the Plaintiff could not adequately respond to the Defendant's Communication.

54.    As described above, Plaintiff was misled to his detriment by the statements in the Communication, and relied on the contents of the Communication to his detriment.

55.    As described above, Plaintiff would have pursued a different course of action were it not for the Defendant's violations.

56.    As a result of the Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

<u>COUNT I</u>
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e *et seq.***

57.    Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above with the same force and effect as if the same were set forth at length herein.

58.    Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

59.     Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

60.     Defendant violated § 1692e:

    a.  Because the Communication omits a required representation(s) concerning the character, amount and/or legal status of the debt in violation of § 1692e(2)(A);

    b.  By failing to disclose during the Communication with the Plaintiff that the Defendant is a debt collector attempting to collect a debt and that any information obtained will be used for that purpose in violation of §1692e(11);

61.     By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692e et seq. of the FDCPA, and that the Plaintiff is entitled to an award of actual damages, statutory damages, costs and attorneys' fees.

## <u>COUNT II</u>
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692f *et seq.*

62.     Plaintiff repeats the above allegations as if set forth herein.

63.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

64.     Pursuant to 15 U.S.C. § 1692f, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

65.     Defendant violated this section by attempting to collect an invalid debt not owed by the Plaintiff during the Communication.

66.     By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692f et seq. of the FDCPA, and that the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

67.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff John Hastings, individually and on behalf of all others similarly situated, demands judgment from the Defendant as follows:

1.     Declaring that this action is properly maintainable as a Class Action and certifying the Plaintiff as Class representative, and the undersigned, as Class Counsel;

2.     Awarding the Plaintiff and the Class statutory damages;

3.     Awarding the Plaintiff and the Class actual damages;

4.     Awarding the Plaintiff the costs of this Action, including reasonable attorneys' fees and expenses;

5.     Awarding pre-judgment interest and post-judgment interest; and

6.    Awarding the Plaintiff and the Class such other and further relief as this Court may deem just and proper.

April 26, 2023                                    Respectfully Submitted,

                                                 */s/ Yaakov Saks*
                                                 Yaakov Saks
                                                 **Stein Saks, PLLC**
                                                 One University Plaza, Ste 620
                                                 Hackensack, NJ 07601
                                                 Tel. 201-282-6500
                                                 Fax 201-282-6501
                                                 ysaks@steinsakslegal.com
                                                 *Attorneys for Plaintiff*